Dear Sheriff Coats:
You have requested my opinion on substantially the following question:
Is the Sheriff of Pinellas County authorized to lease-purchase vehicles?
According to your letter, you have traditionally acquired costly capital items through the use of lease-purchase agreements in order to equalize funding requests over several years. This method of acquisition has been questioned by the county and you have written to request my opinion on the issue of lease-purchasing vehicles.
As noted both by Florida courts and this office, a sheriff, although a constitutional officer, is a county administrative officer wholly dependent upon statutory authority for his or her powers and duties, as are other county administrative officers.[1] The general powers and duties of sheriffs are set forth in Chapter 30, Florida Statutes. Nothing in Chapter 30, Florida Statutes, either authorizes or prohibits a sheriff from utilizing lease-purchase agreements when making vehicle purchases.
Section 30.49, Florida Statutes, relating to the sheriff's budget, requires the sheriff to submit his or her budget for proposed expenditures to the board of county commissioners with a sworn certificate that the proposed expenditures "are reasonable and necessary for the proper and efficient operation of the office for the ensuing year."[2] The sheriff is required to categorize budgetary expenditures into the functional categories of general law enforcement, corrections and detention alternative facilities, and court services, excluding service of process.[3] Within the appropriate fund and functional category, the sheriff's budgetary expenditures must be itemized according to a uniform chart of accounts as follows:
 "1. Personal services.
 2. Operating expenses.
 3. Capital outlay.
 4. Debt service.
 5. Nonoperating disbursements and contingency reserves."[4]
Section 30.49(4), Florida Statutes, requires that the budget include the salaries and expenses of the sheriff's office, costs of operating the county jail, purchase, maintenance and operation of equipment "including patrol cars," radio systems, transporting prisoners, court duties, and all other salaries, expenses, equipment, and investigation expenditures of the entire sheriff's office for the previous year. This statute also provides that "[t]he items [in the sheriff's budget] placed in the budget of the board of county commissioners pursuant to this law shall be subject to the same provisions of law as the county annual budget[.]"
While the budgetary authority of the sheriffs is tied to the counties, sheriffs are statutorily guaranteed their independence from the counties in making purchases. Section 30.53, Florida Statutes provides:
 "The independence of the sheriffs shall be preserved concerning the purchase of supplies and equipment, selection of personnel, and the hiring, firing and setting of salaries of such personnel. . . ."[5]
Thus, it appears that the Legislature, by enacting section 30.53, Florida Statutes, has assured the sheriffs' independence in making purchases and granted them the discretion and power to determine the manner in which purchases are to be made, subject only to the limitation that their discretion may not be abused or illegally exercised.[6]
Nothing in Chapter 30, Florida Statutes, would restrict the sheriff's authority to make vehicle purchases through the use of a lease-purchase agreement, and section 30.53, Florida Statutes, does grant the sheriff the discretion and power to make his own purchases and select his personnel subject only to certain conditions not applicable to the instant inquiry. I would note that the sheriff is also subject to the provisions of Chapter 274, Florida Statutes, with regard to the acquisition, supervision, and control of tangible personal property.[7]
Nothing in Chapter 274 would preclude a sheriff from acquiring tangible personal property through the use of a lease-purchase agreement.[8]
However, a recent Florida Supreme Court case recognizes certain limitations on the authority of county constitutional officers in entering into multi-year leases or lease-purchases. InFrankenmuth v. Magaha,[9] the Escambia County comptroller had entered into a multi-year lease agreement for the purchase of computer equipment. After several years of appropriating funds for and utilizing the computer equipment, the county advised the supplier that it considered the lease void and unenforceable due to the failure of the county comptroller to obtain approval for the lease from the board of county commissioners pursuant to section 125.031, Florida Statutes. The statute provided then and currently provides:
 "Counties may enter into leases or lease-purchase arrangements relating to properties needed for public purposes for periods not to exceed 30 years at a stipulated rental to be paid from current or other legally available funds and may make all other contracts or agreements necessary or convenient to carry out such objective. The county shall have the right to enter into such leases or lease-purchase arrangements with private individuals, other governmental agencies, or corporations. When the term of such lease is for longer than 60 months, the rental shall be payable only from funds arising from sources other than ad valorem taxation. Such leases or lease-purchase arrangements shall be subject to approval by the board of county commissioners, and no such lease or lease-purchase contract shall be entered into without said approval."
The court noted that the county comptroller was a constitutional officer who submitted an annual budget to the county commission. Despite the constitutional nature of the county comptroller's office, the court determined that he did not have the independent authority to enter into the lease-purchase agreement without the approval of the county commission.
In light of the provisions of section 30.53, Florida Statutes, giving the sheriffs independence in purchasing, I cannot say that the Frankenmuth case would require that lease-purchase contracts entered into by a sheriff are subject to approval by the county commission. However, the sheriff has no authority to compel the county to continue to fund any purchases subject to multi-year lease purchase agreements extending over several budget years. Any multi-year lease-purchase contract entered into by the sheriff should contain provisions such as a "non-appropriation clause" stating that the lease will terminate in any given year if the legislative body or funding authority fails to appropriate funds to make the lease payments. A provision indicating that the lessor has no right to compel the appropriation of funds to make lease payments may also be appropriate.
In sum, it is my opinion that the Sheriff of Pinellas County is authorized to acquire vehicles through the use of lease-purchase agreements. However, the sheriff has no authority to bind the county commission to appropriate funds for a multi-year contract and any lease-purchase agreement entered into by the sheriff should contain provisions recognizing these fiscal limitations.
Sincerely,
 Charlie Crist Attorney General
CC/tgh
[1] See, e.g., White v. Crandon, 156 So. 303, 305 (Fla. 1934); Lang v. Walker, 35 So. 78 (Fla. 1903); 67 C.J.S.Officers s. 102; and Ops. Att'y Gen. Fla. 05-48 (2005), 82-72 (1982), 81-89 (1981), 81-29 (1981), 79-17 (1979) and 78-151 (1978). See also, s. 5(c), Art. II, Fla. Const., which provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law" and s. 1(d), Art. VIII, Fla. Const. 
[2] Section 30.49(2)(a), Fla. Stat.
[3] See s. 30.49(2)(a), Fla. Stat.
[4] See s. 30.49(2)(b), Fla. Stat.
[5] See, Ops. Att'y Gen. Fla. 78-122 (1978), considering whether a sheriff was required to use competitive bidding when making purchases for his office; and 57-369 (1957), concluding that the statutes authorized the sheriff to make his own purchases.
[6] And see Op. Att'y Gen. Fla. 78-122 (1978).
[7] See s. 274.01(1), Fla. Stat., which includes "the sheriff of the county" within the scope of a "governmental unit" for purposes of Chap. 274, Fla. Stat. and Op. Att'y Gen. Fla. 79-44 (1979).
[8] Cf., s. 274.04, Fla. Stat., which authorizes a governmental unit to pay full purchase price when acquiring property or to exchange property with the seller as a trade-in; and s. 274.09, Fla. Stat., which makes the provisions of Chap.274, Fla. Stat., cumulative and supplemental to other laws.
[9] 769 So. 2d 1012 (Fla. 2000).